IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KYEAL JONES** : | | |
| 8394 Nightshade Drive : | | |
| Maineville, OH 45039 : | **CASE NO.: 1:21-cv-683** | |
| : | | |
| **Plaintiff,** : | | |
| : | | |
| v. : | **JUDGE** | |
| : | | |
| **ADT SECURITY SERVICES** : | | |
| 2300 Wall Street, Suite H : | | |
| Cincinnati, OH 45212 : | | |
| : | **Jury Demand Endorsed Herein** | |
| **Defendant.** : | | |

## COMPLAINT

Now comes the Plaintiff, Kyeal Jones ("Plaintiff"), by and through counsel, and proffers this Complaint for damages against Defendant ADT Security Services ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Ohio Minimum Fair Wage Standards Act and O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties predominately there and Defendant is doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Kyeal Jones is an individual, a United States citizen, and a resident of the state of Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined in the FLSA and O.R.C. Chapter 4111.

7. Defendant ADT Security Services is a foreign corporation doing business in the Southern District of Ohio.

8. At all times relevant herein, Defendant was a covered "employer" as that term is defined in the FLSA and O.R.C. Chapter 4111.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

10. Plaintiff began working for Defendant as an Installer in November 2019.

11. Defendant paid Plaintiff an hourly rate of $27.60.

12. Defendant originally scheduled Plaintiff to work Monday through Friday from 8:00 a.m. to 4:30 p.m.  Starting in March 2020, however, Defendant required Plaintiff and a number of the other Installers to work an additional 8 hours per week beyond their normal schedule. Defendant required Plaintiff to work the additional 8 hours per week through July 2021.

13. In January 2021, Plaintiff noticed that Defendant was deducting 2.5 hours from his paychecks each week for hours that he had worked.

14. Plaintiff worked continuously from the start of his shift until 4:00 p.m. each day to meet the demands of his position.  As such, Plaintiff clocked out for his half-hour lunch break at the end of his shift, meaning that he took his half-hour lunch break from 4:00 p.m. to 4:30 p.m.

15. Defendant deducted 2.5 hours from his paychecks for the hours he worked by stopping his hours worked each day at 4:00 p.m. and deducting a half-hour for lunch each day.

16. Plaintiff notified his direct supervisor, Thaddeus Madrinich, about the issue when he first noticed it.

17. Mr. Madrinich failed to address Plaintiff's concern as Defendant continued reducing his pay by an additional 2.5 hours after he complained.

18. Given that the problem persisted, Plaintiff raised his concern in an email sent to, among others, Mr. Madrinich, Theresa Piroli, Tyler Youtzy, Catherine Fricano, and Nathan Prentice.  In that email, Plaintiff stated, "[o]ver the last few weeks, I [Plaintiff] have reached out in attempts to get some answers as to why time was being shaved off my [Plaintiff] checks."  Plaintiff further stated, "[t]oday I [Plaintiff] wanted to put this in an email to find out why my [Plaintiff] times were adjusted, and 30 minutes deducted from my [Plaintiff] pay over the course of the last few weeks for months[.]"

19. No one from Defendant responded to Plaintiff's email.

20. Additionally, Defendant continued to reduce Plaintiff's time by 2.5 hours for hours he worked each week.

21. As a consequence, Plaintiff continued to raise his concerns with Ms. Piroli, Mr. Madrinich, and Mr. Youtzy. Most often, they responded by placing the blame on Plaintiff in stating, for example, that he must not have been entering in his time.

22. Plaintiff also was told that he was not taking his lunch break at the right time by taking it at the end of the day. Plaintiff responded by indicating that he was not aware he had to take his lunch break at a certain time because Defendant had no policy requiring him to take his lunch break at a certain time.

23. Plaintiff continued to be upset about the situation because Defendant was not paying him the overtime premium pay he was entitled.

24. In approximately March 2021, Defendant implemented a policy requiring Installers to take their lunch breaks during the middle part of their respective shifts.

25. After Defendant implemented the policy, Plaintiff no longer had any issues with Defendant deducting his time because he no longer took his lunch break at the end of his shift.

26. During May 2021, Plaintiff reached out, once again, to Mr. Madrinich and Mr. Youtzy because Defendant had still failed to reimburse him for the unpaid overtime.

27. At that point, Plaintiff informed Mr. Madrinich and Mr. Youtzy that he would seek the assistance of an attorney to pursue his wage-and-hour claims if Defendant continued to not pay him for his unpaid overtime.

28. Soon after Plaintiff informed them of his intent, Ms. Piroli contacted him to let him know that she would investigate his complaints.

29. Ms. Piroli reached back out to Plaintiff a month later to inform him that she determined there were situations in which Defendant owed him for unpaid overtime.

30. Defendant provided Plaintiff a check for the unpaid overtime during the end of July 2021.

31. A couple weeks later, Mr. Youtzy called Plaintiff to inform him that Defendant was placing him under investigation because they had identified issues that could lead to termination.

32. A few days later, Plaintiff was informed that Defendant was terminating his employment.

33. Plaintiff was informed that Defendant was terminating his employment because he allegedly falsified time entries and was going home when he was not supposed to.

## CAUSES OF ACTION

### COUNT I
### Retaliation – FLSA and O.R.C. 4111 *et seq.*

34. Plaintiff states the proceeding as if fully stated hereon.

35. Plaintiff engaged in protected conduct when he raised concerns about Defendant's deduction of overtime hours he worked, thereby resulting him not receiving his full overtime due.

36. Plaintiff suffered an adverse employment action when Defendant terminated him for a meritless reason weeks after Plaintiff informed Defendant he would seek attorney representation to receive his full overtime due.

37. There is a casual connection between his complaints of unpaid overtime and his termination, given, among other reasons, the close temporal proximity (i.e., a few weeks) between his most recent complaint and termination.

38. Defendant has failed to provide any legitimate, non-retaliatory reason for Plaintiff's termination.

39. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendant, in an amount to be determined at trial, as follows:

A. That Plaintiff be awarded backpay that he is entitled to as a result of Defendant's misconduct;

B. That Plaintiff be awarded punitive damages;

C. That Plaintiff be awarded liquidated damages;

D. That Plaintiff be awarded his attorney fees and costs incurred in the investigation and prosecution of this matter; and

E. That Plaintiff be awarded such other and further relief which the Court deems just, proper, and equitable under the circumstances.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
(brad@gibsonemploymentlaw.com)
Phone: (513) 834-8254
Fax: (513) 834-8253

*Counsel for Plaintiff*

## **JURY DEMAND**

    Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

                                      /s/ Bradley L. Gibson
                                      Bradley L. Gibson (0085196)